■ In the Matter of the INCORPORATED VILLAGE OF HEMPSTEAD, Respondent, Relative to Acquiring Title to Real Property for Urban Renewal. MEYER BOLOKER et al., Appellants.— In a condemnation proceeding, the claimants appeal, as limited by their brief, from so much of a partial final decree of the Supreme Court, Nassau County, entered September 11, 1969, as (1) denied a separate award for fixtures in addition to the amount awarded as the total value of the premises and (2) limited interest on the total award to 6%. Decree modified, on the law, by (1) striking therefrom the third decretal paragraph and substituting therefor a provision awarding interest at the rate of 4% per annum from June 1, 1966 to August 1, 1966 and at the rate of 6% per annum thereafter until the date of payment; (2) striking from the fourth decretal paragraph thereof the provision with reference to interest; (3) increasing the amount of the total award, in the fourth decretal paragraph thereof, from $82,000 to $91,500; and (4) striking therefrom the fifth decretal paragraph, which relates to the fixtures. As so modified, decree affirmed insofar as appealed from, without costs. The findings of fact are affirmed. The decree

at bar was entered prior to the decision by the Court of Appeals in *Matter of City of New York [Manhattan Civic Center]* (27 N Y 2d 518). That case, decided in May, 1970, upheld an award of interest in a condemnation proceeding at the rate of 6% per annum starting August 1, 1966. The latter date was the effective date of an amendment to section 16 of the State Finance Law providing for that rate in State condemnation proceedings (L. 1966, ch. 921). In view of this holding, we would no longer follow cases such as *Matter of Town of Huntington [Crab Meadow]* (31 A D 2d 759), decided prior thereto, but instead award 6% interest per annum effective August 1, 1966 (see, also, *Matter of Incorporated Vil. of Babylon [Honsberger]*, 38 A D 2d 957). Also, Special Term indicated that since the fixtures owned by the claimants enhanced the production of the rental income of the premises, the value thereof (found by Special Term to be $9,518) was to be carved from the fee award. We deem this error. The cases relied upon by Special Term, e.g., *Marraro* v. *State of New York* (12 N Y 2d 285), permit the carving out of an award for fixtures from the fee award where the fixtures enhance or add to the value of the fee. At bar, the experts for both sides testified that their appraisals gave *no* consideration to the value of the fixtures. This value was not a factor in their computation of the rental income. Since Special Term accepted the gross rental estimate given by the claimants' expert in capitalizing the net rental income, the result, of necessity, did not reflect the fixtures. The value thereof should be in addition to the fee award and should be awarded to the claimants. Rabin, P. J., Hopkins, Munder, Martuscello and Brennan, JJ., concur.